EDWARD E. HUGHSON and Another v. NICHOLAS HARDY and Others.[1]

Oct. 10, 1895.

Nos. 9839—(351).

**Contract—Consideration.**
> Principle, applied that where the assignor of an executory contract had failed to perform, and for this reason the contract could be avoided or rescinded by the other party, and thereupon a new agreement is made between such other party and the assignee, whereby each agrees to perform for the benefit of the other, there is sufficient consideration for such new promise of the assignee.

Appeal by defendants from a judgment of the municipal court of St. Paul, entered in pursuance of the findings and order of Orr, J. Affirmed.

[1] Reported in 64 N. W. 389.

*Geo. C. Lambert*, for appellants.
*Henry B. Farwell*, for respondents.

CANTY, J. The complaint alleges that plaintiffs advanced premiums for defendants, and furnished defendants fire insurance, at their request, and this action is brought to recover the amount of the premiums so advanced. The action was tried by the court without a jury. Judgment was entered for plaintiffs on the findings and order, and defendants appeal.

There is no settled case. It is assigned as error that the findings of fact do not support the judgment "on the disputed item of $20." The court finds that plaintiffs were partners in the insurance business; "that on December 9, 1892, the plaintiffs, as such insurance agents, insured and delivered to the St. Paul Ice Company a policy of insurance in the Aetna Insurance Company * * * for $1,000 insurance for 1 year, on a frame ice house, * * * and the premium on this policy agreed to be paid plaintiffs was $30, which was a reasonable charge therefor; that on or about January 10, 1893, before any part of the premium on said policy had been paid, said policy was assigned to the defendants herein, and said defendants brought said policy to the plaintiffs, and requested them, as agents of the said insurance company, to consent to said assignment, and the defendants promised and agreed with the plaintiffs that, in consideration of the consent by the plaintiffs to such assignment, they (the defendants) would pay to the plaintiffs the said premium on said policy; that thereupon the plaintiffs charged the amount of said premium to the defendants herein; that thereafter, and on August 9, 1893, said policy of insurance was canceled, and the plaintiffs advanced and paid for the defendants the sum of twenty dollars ($20) for said insurance up to August 9, 1893." The whole amount here involved is but $20, and, while these findings are loosely drawn, we do not propose to examine them with a microscope, for the purpose of finding flaws in them. We cannot expect the findings in so small a case to be drawn with the same care and skill as we would expect if the case was of more importance.

It is urged that it does not appear that there is any consideration for defendants' promise to pay the premium on this policy, which was issued to their assignor, the ice company. The policy was as-

signed a month after it was issued. It had at least 11 months yet to run, and for these 11 months the contract was wholly executory on both sides. It is to be inferred from the findings that the premium was due as soon as the policy was issued, and that the ice company was in default, in having failed to pay the premium. Under these circumstances the insurer might have refused further to perform on its part, and have rescinded or avoided the contract. Then, the agreement on its part to consent to the assignment to defendants, and of defendants to pay the premium, was much in the nature of a new or original contract to insure defendants' interest, or perform for defendants, and, in consideration thereof, an agreement on their part to pay for such insurance the premium due on the policy. We are of the opinion that sufficient consideration for defendants' promise appears.

It is further urged that the agreement between defendants and plaintiffs is void, and against public policy, because the obligations assumed by the plaintiffs under this agreement are inconsistent with the duties they, as agents, owe their principal, the insurance company. We cannot see that there is any such inconsistency in the relations thus assumed by plaintiffs. Besides, no such illegality as is here attempted to be urged was pleaded. The answer is merely a general denial.

Appellant argues other points in the case, as to which he has assigned no errors, and for this reason we will not pass upon them.

This disposes of the case, and the judgment appealed from is affirmed.